UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 4:24CR380  HEA |
| | ) | |
| **ALAN OCHOA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Government's Motion for Revocation of Release Order and Appeal Pursuant to Title 18, United States Code, Section 3145(a) [Doc. No. 6].

### Background

Magistrate Judge Pettit in the Southern District of California ordered the pretrial release of Defendant on a $25,000 bond secured by a cash deposit of 10%. The sole condition was that Defendant must remain in San Deigo County at a residence approved by Pre-trial Services. The Government moves to revoke Judge Pettit's release order, and Defendant opposes the Government's motion. The release order will be reviewed *de novo*. See *United States v. Maull*, 773 F.2d 1479, 1481–82 (8th Cir. 1985) (en banc). The motion will be granted, and Defendant will be detained pending trial.

In July 2024, Defendant was charged with one count of conspiracy to traffic in 50 or more grams of methamphetamine and 400 or more grams of fentanyl and one count of distributing 50 or more grams of methamphetamine in violation 21 U.S.C. §§ 841(a)(1) and 846. On December 5, 2024, Defendant appeared for a detention hearing before Magistrate Judge Michelle M. Pettit. Judge Pettit, ordered that Defendant be released, subject to several conditions.

On December 5, 2024, the Government appealed Judge Pettit's Order, requesting an order revoking Judge Pettit's order of release. Defendant responded to the Government's Appeal of Release Order in accordance with the Court's Order for a response on December 10, 2024.

Under 18 U.S.C. § 3145(a)(1), the Government may file "a motion for revocation of the [release] order or amendment of the conditions of release." The district judge's review of a release order is de novo. Maull, 773 F.2d at 1481–82.

## Discussion

A court may order a defendant detained pending trial only if the court finds that no release condition or set of conditions will "reasonably assure": (1) the defendant's appearance in court and (2) the safety of the community. *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (first quoting *United States v. Orta*, 760 F.2d 887, 891 & n.20 (8th Cir. 1985) (en banc), then citing 18 U.S.C. § 3142(c), (e), and (f)). Different evidentiary standards apply to these findings. The

2

Government need only show by a preponderance of the evidence that no conditions will reasonably ensure the defendant's appearance at future proceedings, but it must show by clear and convincing evidence that no conditions will reasonably assure the community's safety. See *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003). The governing statute provides a list of factors to consider when deciding whether the Government has met these burdens:

> (1) the nature and circumstances of the crime; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including mental condition, family ties, employment, community ties, and past conduct; and (4) the seriousness of the danger to the community or to an individual.

*Id*. (citing 18 U.S.C. § 3142(g)).

The relevant provision here, "it shall be presumed that no condition or combination of conditions will reasonably assure" the defendant's appearance and the safety of the community if the Court finds "probable cause to believe that the person committed ... an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." 18 U.S.C. § 3142(e)(3), (3)(A). The presumption is rebuttable by the defendant. 18 U.S.C. § 3142(e)(3). In a presumption case, the defendant "bears a limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight." *Abad*, 350 F.3d at 797 (quoting *United States v. Mercedes*, 254 F.3d 433,

3

436 (2d Cir. 2001)). "But a defendant who meets his burden of production does not entirely dispel the presumption; the presumption 'remains a factor to be considered among those weighed by the district court.'" *United States v. Lazzaro*, 21-cr-0173(1) (PJS/DTS), 2021 WL 5083978, at *1 (D. Minn. Nov. 2, 2021) (quoting *Abad*, 350 F.3d at 797). The presumption applies here.

Assuming Defendant rebutted this presumption, the better answer is that Defendant should be detained in view of the § 3142(g) factors, the parties' briefing, and the record evidence. The Government has shown by clear and convincing evidence that no conditions will reasonably assure the community's safety if Defendant is released, and the Government has shown by a preponderance of the evidence that no conditions will reasonably ensure Defendant's appearance at future proceedings. See *Abad*, 350 F.3d at 797.

**The nature and circumstances of the crime charged**.

Defendant has been charged with one count of conspiracy to traffic in 50 or more grams of methamphetamine and 400 or more grams of fentanyl and one count of distributing 50 or more grams of methamphetamine in violation 21 U.S.C. §§ 841(a)(1) and 846. The indictment charges Defendant with a serious crime, whose nature and circumstances weigh against Defendant's pretrial release. See *United States v. Dean*, No. 15-cv-0339 (PJS/LIB), 2016 WL 96142, at *2 (D.

4

Minn. Jan. 8, 2016) (finding that distributing 50 grams of methamphetamine was "a serious drug-trafficking crime").

**The weight of the evidence against the defendant**.

The weight of the evidence against Defendant in this case supports detention. In May 2021, as part of the investigation into a widespread drug trafficking organization indicted in *United States v. Stephen Griffin, Jr., et al.,* Case No. 4:21CR554 SRC, investigators identified a package sent to St. Louis from Arizona suspected of containing drugs. In February 2021, the same residence received another suspected package containing drugs bearing the return address that Defendant's Arizona driver's license bore. Investigators conducted surveillance of the delivery and eventually Daveon Barnes, a co-defendant in the *Griffin* case retrieved the package. After Barnes discarded the package, and a search warrant was obtained, it was revealed the parcel contained a kilogram of fentanyl. Fingerprint analysis revealed several latent fingerprints of Defendant on the exterior of an interior box holding the fentanyl, bubble wrap, and adhesive tape. Video surveillance from the Arizona post office depicts a person resembling Defendant.

In January 2022, Defendant gave a Mirandized interview wherein he admitted he mailed approximately four to five packages he believed contained cocaine to St. Louis from the same post office in Arizona. He also admitted he had

5

travelled to St. Louis in February 2021 to meet a man. He identified the man as Barnes from a photo of Barnes he was shown. He also admitted he purchased approximately five to ten pounds of crystal methamphetamine and 10,000 fentanyl pills from a source in Phoenix.

In October 2021, investigators developed a confidential source that identified Defendant as running the day-to-day operations of a drug trafficking partnership operating in Phoenix. On November 2, 2021, investigators conducted a recorded controlled buy of five pounds of methamphetamine from Defendant.

In a consent search of Defendant's residence, one Smith and Wesson .40 cal handgun and one DTI .556 rifle were discovered in Defendant's bedroom.

**The history and characteristics of the defendant, including mental condition, family ties, employment, community ties, and past conduct**

Admittedly, Defendant's past criminal history is minor, however, as the Government argues, Defendant's other personal history and characteristics weigh in favor of detention, particularly the likelihood that he will flee or fail to appear. Defendant was arrested when he was trying to cross back into the United States from Mexico. Further, Defendant had evaded arrest since August 2024. Defendant misled law enforcement officers by saying he would turn himself in and later saying he changed his mind. He has family in Mexico and has previously travelled

to Mexico. Although he claims to have lived with his girlfriend and her parents for three years in Arizona, he does not know the address.

**The seriousness of the danger to the community or to an individual**.

This past-conduct evidence clearly shows that no release conditions will reasonably assure the community's safety. Clearly, the quantity of methamphetamine involved endangers the community Likewise, the evidence of Defendant's flight risk is also strong. Defendant has family in Mexico and has travelled to and from Mexico in the past. He evaded arrest and was found trying to return to the country from Mexico. The Government advises the Court that while this matter was pending, investigators received information from a confidential source that Defendant had contacted the source as recently as Novembre 2024 to broker a drug transaction. This all supports the finding that, unless detained, Defendant is a danger to the community and a flight risk.

Assuming Defendant has produced enough evidence to rebut the presumption that no condition or combination of conditions will reasonably assure his appearance or the community's safety, the presumption "remains a factor to be considered among those weighed by the district court." *Lazzaro*, 2021 WL 5083978, at *1 (citation omitted). When considering the presumption alongside the evidence discussed above, the Court finds the Government has met its burden of showing by clear and convincing evidence that no conditions will reasonably

7

assure the community's safety and by a preponderance of the evidence that no conditions will reasonably ensure Defendant's appearance at future proceedings.

## Conclusion

Based on the foregoing, and on all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that the Government's Motion for Revocation of Release Order and Appeal Pursuant to Title 18, United States Code, Section 3145(a) [Doc. No. 6] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Pretrial Release Order entered by Judge Pettit on December 5, 2024, in the Southern District of California is **REVOKED**.

**IT IS FURTHER ORDERED** that Defendant shall be **DETAINED** pending trial pursuant to 18 U.S.C. § 3142(e).

Dated this 12th day of December, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE